IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Case No. 08-cv-02748-REB-BNB

ELAINE CHAO, Secretary of Labor, United States Department of Labor,

Petitioner,

v.

JOSEPH LUCIO,

Respondent.

_____

**ORDER**
_____

This matter arises on the **Petition for Enforcement of Administrative Subpoena** [Doc. # 1, filed 12/17/2008] (the "Petition"). The Petition recites that an administrative subpoena was served on Mr. Joseph Lucio as custodian of records and/or trustee for the Armadillo Border Grill & Cantina, Inc. Health Plan (the "Health Plan") and the Armadillo Border Grill & Cantina, Inc. 401(k) Plan (the "401(k) Plan") commanding him to appear before Lee Gilgour, an investigator for the Employee Benefits Security Administration of the United States Department of Labor, and to produce records relating to the Health Plan and the 401(k) Plan. The Petition further recites that Mr. Lucio has failed to comply.

The Petition and the accompanying Memorandum In Support of Petition for Enforcement of Administrative Subpoena [Doc. # 3, filed 12/18/2008] (the "Memorandum") appear in large part to be forms, created for use in many cases, and do not clearly state the relief sought. In particular, the Petition states that the Secretary is seeking an order that Mr. Lucio "produce documentary evidence, as set forth in the Subpoena," Petition at p.1. Similarly, in its prayer for

relief, the Petition seeks an order requiring the Respondent "to produce such documentary evidence" as is specified in Exhibit B to the Petition, which is the Administrative Subpoena. Inconsistently, however, the Petition recites the following at paragraph 11:

> ESBA's investigation of the 401(k) Plan was closed on September 24, 2008 after a review of documents provided by sources other than Armadillo, Joseph Lucio, or Debra Schoof. The letter sent to the Respondent on October 29, 2008 detailed the documents that remain outstanding that are required for the investigation of the Health Plan.

Petition at ¶11.[1] Finally, in its conclusion, the Memorandum states generally that the Secretary "requests that this Court grant the relief requested," Memorandum at p.13, but nowhere does the Petition or the Memorandum specify which documents it requests and, particularly, whether the requested documents are limited to those relating to the Health Plan.

IT IS ORDERED that the Petition is DENIED without prejudice for failure to state with specificity the relief sought and, particularly, to specify the documents or categories of documents to which it is directed. The Secretary is granted leave to file an amended petition which specifies the relief requested.

---

[1]Similarly, the Memorandum states:

> EBSA's investigation of the 401(k) Plan was closed on September 24, 2008 after a review of documents provided by sources other than the Respondent. The letter sent to the Respondent on October 29, 2008 detailed the documents remaining outstanding that are required for our investigation of the Health Plan. . . . EBSA's investigation of the Health Plan continues.

Memorandum at p.3.

Dated February 10, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge